**CLD-149**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4000
_____

TULIO CARRASCO AMADOR
a/k/a Tulio Carrasco,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-750-722)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 9, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2014 )
_____

OPINION
_____

PER CURIAM

Tulio Carrasco Amador petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen removal proceedings.  The

1

Government has filed a motion for summary denial of the petition for review. We will grant the Government's motion and deny the petition for review.

Amador is a native and citizen of Honduras who entered the United States without inspection on or about January 1, 1992. In 2006, Amador was served with a notice to appear, charging him as removable pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Amador conceded removability and requested withholding of removal and protection under the Convention Against Torture. As the basis for relief, Amador testified that in 1986 he was shot in the back while investigating corruption while serving as a police or paramilitary sergeant in Honduras. Amador testified that the perpetrator was never caught and suspicious individuals tracked him during his recovery. After the shooting, Amador retired from law enforcement, but he fled to the United States because he believed that his life was in danger. During removal proceedings, the Immigration Judge found Amador removable as charged and ordered him deported to Honduras. The IJ denied all of Amador's requests for relief, but permitted him to voluntarily depart the United States. Amador appealed, and in July 2009 the BIA affirmed the IJ's decision without opinion. Amador did not file a petition for review.

In July 2013, Amador filed an untimely motion to reopen with the BIA. Amador argued that criminal gang activity in Honduras, including kidnappings and homicides, had increased, and that, as an individual who had lived in the United States for many years, he faced possible persecution by criminal gangs that would perceive him as

2

wealthier than other Hondurans. Alternatively, Amador requested that the BIA reopen his case sua sponte. See 8 C.F.R. § 1003.2(a).

The BIA concluded that the motion to reopen was untimely and that Amador did not demonstrate changed country conditions in Honduras sufficient to warrant reopening. See INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the BIA determined that Amador had not shown that conditions in Honduras created a reasonable probability of persecution based on his status as an individual returning to Honduras after a long stay in the United States, and that he had not shown that it was more likely than not that he would face torture. The BIA also determined that Amador did not demonstrate an exceptional situation that warranted sua sponte reopening. Accordingly, the BIA denied his motion to reopen. This counseled petition for review followed, the Government filed the motion for summary denial, and Amador filed a response in opposition to the Government's motion.

We have jurisdiction pursuant to INA § 242, 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and may not disturb its ruling unless it is "'arbitrary, irrational, or contrary to law.'" See Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)). "[W]e uphold the BIA's factual determinations if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

3

Amador's motion to reopen was filed more than ninety days after the BIA's previous ruling. The time and number requirements that govern motions to reopen, see 8 C.F.R. § 1003.2(c)(2), do not apply when the motion to reopen relies on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In this case, the BIA noted that Amador failed to provide specific evidence of the country conditions in Honduras at the time of his previous hearing in April 2008. See Filja v. Gonzales, 447 F.3d 241, 254 (3d Cir. 2006) (explaining that in the context of 8 C.F.R. § 1003.2(c)(3)(ii) "previous hearing" means the previous hearing before the IJ); see also Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) ("The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief."). Nevertheless, the BIA concluded from the evidence submitted with the motion to reopen that gang violence and criminal activity has been ongoing in Honduras, and that the evidence of recent criminal activity represented a continuation of conditions that existed at the time of Amador's previous hearing and not a material change. Consequently, the BIA properly concluded that Amador did not establish that criminal activity and violence in Honduras has meaningfully changed since his April 2008 hearing.[1] See Pllumi, 642 F.3d at 161

---

[1] Amador argues in his opposition to the Government's motion that the BIA "issued a summary decision that failed to adequately consider the evidence of changed country conditions." In the context of a motion to reopen, the BIA has "'a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim.'" Zheng, 549 F.3d at 268 (quoting Guo, 463 F.3d at 115). In its opinion, the BIA did not identify each piece of information submitted, but it did summarize its findings following review of the submitted country information. See Administrative Record at 8. The BIA indicated that the reports, news articles, and affidavits submitted reflected gang violence, criminal activity, and generally volatile conditions within Honduras, but concluded that these conditions were ongoing trends. Under these circumstances, we conclude that the BIA's

4

(holding that the BIA did not abuse its discretion in denying reopening where "the conditions described have persisted").

In his opposition to the Government's motion, Amador argues that the BIA's decision was an abuse of discretion because the BIA "failed to apply the particular social group case law to the Petitioner's assertion that he had a well-founded fear and clear probability of future persecution." "There are at least three independent grounds on which the BIA may deny a motion to reopen." INS v. Abudu, 485 U.S. 94, 104-05. Here, it was sufficient that the BIA denied Amador's motion on the ground that he failed to introduce previously unavailable, material evidence of changed country conditions. See id. at 104. The BIA was not required to review Amador's claim that he belonged to a particular social group.

Finally, we generally lack jurisdiction over the BIA's discretionary decision to decline to reopen a case sua sponte. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003). Although we may exercise jurisdiction to review whether the BIA has "relied on an incorrect legal premise" in its decision, Pllumi, 642 F.3d at 160, we conclude that it did not do so here. Accordingly, we will grant the Government's motion and deny Amador's petition for review.

---

review was adequate. See id. ("While the BIA must consider [evidence of changed country conditions], it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006))).